# IN UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| REACH RECORDS, LLC and THE REACH GROUP, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION NO. 3:25-CV-01437 |
| v. | ) ) ) | Judge Waverly D. Crenshaw, Jr. Magistrate Judge Barbara D. Holmes |
| CAPITOL CMG, INC., a subsidiary of UNIVERSAL MUSIC GROUP, INC., | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT CAPITOL CMG, INC.'S MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT

Defendant Capitol CMG, Inc. ("CMG") files this Motion to Dismiss Plaintiffs' Original Complaint (ECF. No. 1) pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

Plaintiffs' Complaint alleges claims for breach of contract and fraud arising from an unconsummated transaction, and based upon a Letter of Intent ("LOI") signed by the parties that Plaintiffs now allege is a binding agreement. However, the plain language of the LOI is clear that it is not a binding agreement, but rather it was intended by the parties to aid in continued negotiation of a "Contemplated Transaction." The LOI explicitly acknowledges that neither party would be obligated to consummate the "Contemplated Transaction" unless and until a definitive purchase agreement was negotiated and executed. As for the "Contemplated Transaction," Plaintiffs admit that, after the LOI was executed, the parties were still engaged in substantial negotiations and due diligence and that any such definitive purchase agreement was in draft form and unexecuted. Without a definitive purchase agreement, there can be no breach of contract by CMG. The Complaint likewise fails to allege that CMG's decision to end negotiations rises to the

level of fraud.  There is no plausible allegation that CMG made a knowingly false statement or that Plaintiff justifiably relied upon any false statement made.

Accordingly, Plaintiffs' claims fail for the reasons set forth in CMG's Memorandum of Law in Support of its Motion to Dismiss filed contemporaneously with this motion.

Count I (Breach of Contract) must be dismissed under Rule 12(b)(6) because the LOI between the parties is not a binding definitive purchase agreement.  The LOI unambiguously demonstrates the parties' negotiation of a "Contemplated Transaction" to be papered by a later definitive purchase agreement. It is well settled that an LOI cannot form the basis of a breach of contract claim unless it clearly demonstrates the parties' intent to be legally bound.  Similarly, there can be no breach of the duty of good faith and fair dealing because no valid enforceable contract existed between the parties.

Count II (Intentional Misrepresentation) must be dismissed under Rules 9(b) and 12(b)(6) because Plaintiffs fail to sufficiently plead with particularity that CMG's alleged statements were knowingly false when made or what facts rendered them false at the time they were made, and Plaintiffs fail to sufficiently plead with particularity any facts supporting a claim that they justifiably relied on any alleged false statements by CMG.

Count III (Negligent Misrepresentation) must be dismissed under Rules 9(b) and 12(b)(6) for the same reasons for dismissal of Count II.  Count III is pled as an "alternative" to Count II based on the same allegations.

For the foregoing reasons, and for the reasons stated in the accompanying Memorandum of Law in Support of CMG's Motion to Dismiss, Plaintiffs' Complaint should be dismissed in its entirety.  CMG also prays for all other relief to which it is justly entitled.

2

Dated: January 12, 2026                    Respectfully submitted,


                                           *s/ Lucas T. Elliot*
                                           Lucas T. Elliot (BPR # 037084)
                                           Daniel D. Choe (BPR # 037680)
                                           FBT GIBBONS LLP
                                           150 3rd Avenue South, Suite 1900
                                           Nashville, TN 37201
                                           615.251.5500 (Telephone)
                                           lelliot@fbtgibbons.com
                                           dchoe@fbtgibbons.com

                                           *Attorneys for Defendant Capitol CMG, Inc.*

## CERTIFICATE OF SERVICE

I certify that on January 12, 2026, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Middle District of Tennessee via the CM/ECF system. I hereby certify that I have served the document on all counsel of record by a manner authorized by LR 5.01:

Jay S. Bowen
John J. Griffin, Jr.
Tanner W. Yancy
48 Music Square East
Nashville, Tennessee 37203
jbowen@griffinbowen.com
jgriffin@griffinbowen.com
tyancy@griffinbowen.com

*s/ Lucas T. Elliot*
Lucas T. Elliot

0131397.0814693   4929-7429-5430