IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **REACH RECORDS, LLC** *et al.* ) | |
| ) | **Case No. 3:25-cv-01437** |
| v. ) | **Judge Crenshaw** |
| ) | **Magistrate Judge Holmes** |
| **CAPITOL CMG, INC.**, a subsidiary of ) | |
| **UNIVERSAL MUSIC GROUP, INC.** ) | |

## O R D E R

Plaintiffs Reach Records, LLC and The Reach Group, LLC filed a joint business entity disclosure statement (Docket No. 10) and then separate business entity disclosure statements (Docket Nos. 14, 15). Defendant Capitol CMG, Inc. also filed a business entity disclosure statement. (Docket No. 20.)

However, because jurisdiction is based on diversity under 28 U.S.C. § 1332(a), the parties must also file the "Rule 7.1(a)(2) Disclosure Statement" form located on the Court's website that is required under Local Rule 7.02(b) and Rule 7.1(a)(2) of the Federal Rules of Civil Procedure.[1] This form is distinct from the "Business Entity Disclosure Statement" form located on the Court's website, which is required pursuant to Local Rule 7.02(a) and which the parties have already filed.

Accordingly, Plaintiffs Reach Records, LLC and The Reach Group, LLC and Defendant Capitol CMG, Inc. must each file a separate, completed Rule 7.1(a)(2) Disclosure Statement with all required information by no later than **January 23, 2026**.

It is SO ORDERED.

Signed By:

*J. Gregory Wehrman*
**United States Magistrate Judge**

---

[1] The Court previously ordered Plaintiffs Reach Records, LLC and The Reach Group, LLC to each "file their own separate completed Fed. R. Civ. P. 7.1(a)(2) Disclosure Statement with all required information," but Plaintiffs instead filed separate business entity disclosure statements. (Docket No. 12.)